UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JONATHAN RYAN SWALLOW,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE WOJCIK, Correction Officer at Pennington County Jail, in his official capacity; ADAM COUTURE, Sargent at Pennington County Jail, in his official capacity; AND JAMES HOGUE, Captain Luiententent at Pennington County Jail, in his official capacity;<br><br>Defendants. | CIV. 20-5012-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff Jonathan Ryan Swallow is an inmate at the Pennington County Jail ("the Jail") in Rapid City, South Dakota. Proceeding *pro se*, he filed this civil rights action under 42 U.S.C. § 1983 alleging Jail officials denied him medicine and assaulted him. (Docket 5). Plaintiff also moves to proceed *in forma pauperis* and filed his prisoner trust account statement as proof of indigency. (Dockets 3 & 6). The court grants plaintiff pauper status but dismisses his complaint in the *pro se* screening process.

I.  ***In Forma Pauperis* Status**

Plaintiff's motion to proceed *in forma pauperis* includes an affidavit attesting to his indigency. (Docket 6). He alleges he is presently unemployed

due to his incarceration and has no assets. Id. The court finds plaintiff is indigent and grants him leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners seeking to proceed *in forma pauperis* to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized jail official. (Docket 3). The report shows an average monthly deposit for the past six months of $0, an average monthly balance for the past six months of $0, and a current balance of $0. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

To pay the full filing fee as required by law, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on plaintiff's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the

prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The Clerk of Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Prisoner Complaint Screening

### A. Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in part or full if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### B. Analysis

Plaintiff sues defendants only in their official capacities. (Docket 5 at p. 2). The United States Court of Appeals for the Eighth Circuit has taken the "lonely position" that a § 1983 plaintiff must clearly state his desire to sue a defendant in his individual capacity. Baker v. Chisom, 501 F.3d 920, 928, n.2 (8th Cir. 2007). The "overwhelming majority of . . . circuits" use a "course of

3

proceedings" test which allows courts to inquire whether a plaintiff intended to sue a defendant personally. Id. at 926-27 (Gruender, J. concurring in part and dissenting in part); Powell v. Alexander, 391 F.3d 1, 22-23 (1st Cir. 2004) (describing test). Although it may be that plaintiff intended to personally sue defendants, he checked the official capacity box on his preprinted form complaint for each defendant. (Docket 5 at p. 2). Under Eighth Circuit precedent, the court is bound to interpret his suit as brought against defendants in their official capacity. This rule requires the court to dismiss the complaint.

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's claim against the Jail employees is in reality a claim against the jail's operator, the Pennington County Sheriff's Office.

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are actions for which the municipality is actually responsible.

Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (internal quotations and citations omitted).

In his amended complaint, plaintiff alleges Jail staff refused to give him medication, causing conflict that ended with placement in administrative segregation. (Docket 5 at p. 8). While in administrative segregation, Jail staff

4

continued to deny plaintiff his medication.  Id.  After two weeks in segregation, plaintiff apparently blacked out on January 12, 2019.  Id. at pp. 8, 10.  When he came to, he "saw a guy coming at [him] with a shield[.]"  Id. at p. 8.  The guy, "later identified as Mike Wojcik[,]" "swung the shield like a weapon toward . . . plaintiff's face[,]" causing a laceration that required nine stitches.  Id.  Plaintiff also asserts he has a scar and "trouble remembering things" as a result of the assault.  Id. at p. 10.  Jail staff reported that plaintiff used a broom stick as a weapon.  Id. at p. 8.  Plaintiff does not "recall any of that, but [he] do[es]n't know what happen [sic.] exactly[.]"  Id.  Plaintiff has been charged with assault as a result of the incident.  Id. at p. 10.

Plaintiff's amended complaint does not allege defendants assaulted him or refused to provide his medication pursuant to an official municipal policy.  His complaint describes only individual actions taken by jail staff.  Even construing plaintiff's *pro se* filings liberally, they contain nothing supporting a municipal liability claim.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  The complaint must be dismissed for failure to state a claim.  28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**ORDER**

For the reasons given above, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 6) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),1915A(b)(1).

5

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the Clerk of Court for the United States District Court for the District of South Dakota pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $400 is paid in full.

Dated April 7, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE